# SUPREME COURT

## St. John agt. Griffith and others.

Where the complaint alleged that the agent of the plaintiff entered into a written contract, in the *name of the agent alone*, with the defendants, for the purchase of a lease of a hotel, with the furniture and fixtures, and in part consideration, the defendants were to give a chattel mortgage on the furniture as security; that the acts stipulated to be done by the agent were afterwards accepted by the defendants from the *principal*—he executed the lease and delivered to the defendants the furniture, &c.

*Held*, that in an equitable action to compel the defendants to perform the agreement by executing the chattel mortgage, the defendants would be liable were there no written contract. There was not only a *part performance* of the contract by the defendants, but a *whole performance* by the plaintiff, accepted by the defendants, which precluded the defendants from saying they had contracted with the agent alone, and were not bound to secure the principal.

*New-York Special Term,* Oct., 1855.
DEMURRER to complaint.

LOOMIS & DEAN, *for plaintiff.*
JOHN B. PURROY, *for defendants.*

CLERKE, Justice.   It is unnecessary to consider what would be the force of the first objection taken on this demurrer, were the case before me an action at common law, claiming damages for a breach of the contract.   The question presented for consideration in the present case is not, whether, on the face of the contract, and relying on its express language alone, for the true relation of the plaintiff and the defendants Griffith and Brown, these defendants would be liable to the plaintiff: but whether, in this action, seeking the equitable interposition of the court, the complaint discloses enough to show that, independently of the contract, the defendants have recognized the plaintiff as a principal, in whose behalf A. St. John acted, and that they have availed themselves of its benefits, so as to preclude them, at least in equity, from disputing their liability to the plaintiff.

The complaint shows, that although the contract was made and signed in the name of A. St. John alone, instead of T. P. St. John, the plaintiff, and that the name of the latter does not appear at all in it, yet it avers that it was made on his behalf by A. St. John, as his agent; that by this contract a lease of the Battery Hotel was sold and transferred to defendants Griffith and Brown, together with all the furniture and fixtures contained in the hotel; that *the agent thereupon procured for them a lease in the terms specified in the contract, and that this was accepted by them as performance of it; that they were put in possession; that the furniture and fixtures were delivered to them;* that, by the contract, having promised to give a chattel mortgage on the furniture and fixtures as security for the payment of $2,750, part of the purchase money, A. St. John, as agent of the plaintiff, soon after he put the defendants in possession, demanded of the said defendants this mortgage, which they re-

St. John agt. Griffith and others.

fused; but, on the contrary, for the purpose of defrauding the plaintiff, contrived with the other defendants, Moody and Ketchum, that a judgment should be recovered by the latter against them, for their own benefit, and in order that the furniture, &c., may not be made liable for their debts.

Although this complaint might have been drawn with more definiteness and certainty, it discloses enough to make the defendants Griffith and Brown, liable. Were there no written contract at all, they would be liable in an action of this nature on the facts which it presents. There was not only a *part performance* of the contract by these defendants, but a *whole performance* of it by the plaintiff; and can they now, after enjoying its benefits, in answer to a demand addressed to the equity of this court, say, that they had contracted with A. St. John, and although they have possessed themselves of the property of T. P. St. John, they are not to secure him in the payment of the money which they promised to give for it.

If ever there was a case entitled to the intervention of the equitable jurisdiction of the court, it is a case of this kind. As I have already said, were there no written agreement, a parol agreement, under such circumstances, would be enforced. In the language of an excellent elementary writer on this subject, I may say, " In exercising this authority—(enforcing parol contracts under certain circumstances)—the court may at first appear to decide in opposition to the statute of frauds; but it is to be observed, that if one party to such an agreement permit the other to proceed in fulfilling his part of it, upon the faith of deriving those advantages which he contemplated, and the former should be allowed afterwards to set up the statute, as the means of avoiding the completion on his part, and of committing an injury towards the latter, who had confided in him, for his own benefit, it is obvious that the statute, instead of being the means of preventing, might operate as an encouragement to fraud." (*Jeremy's Equity*, 435.)

The present is a much stronger case; for here was a written contract, in the name to be sure of the agent, but the acts stipulated to be done by the agent, were afterwards accepted by

the defendants from the principal : he executed to them, or assigned to them his lease, and delivered to them his furniture and fixtures.

The second objection is no less untenable. The complaint, indeed, seeks to have the judgment recovered by Moody and Ketchum, set aside; but this is not as a distinct, independent form of redress, but, as relief, subordinate and ancillary to the main purpose of the action—namely, that Griffith and Brown may be compelled, according to their promise, to give the chattel mortgage, clear of the fraudulent lien of the other defendants on the furniture and fixtures.

Judgment for plaintiff, unless the defendants answer within ten days, and pay ten dollars costs.